**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| TANIA BROWN | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) CASE NO. 1:22-cv-00638 |
| RANGER DRILLING, LLC. and | ) |
| ROY MCLAUGHLIN III | ) |
| Defendants | ) |

***PLAINTIFF'S COMPLAINT FOR DAMAGES***

Comes now the plaintiff, Tania Brown (hereinafter "Brown"), by counsel, and for her claims against the Defendants, Ranger Drilling, LLC. and Roy McLaughlin (hereinafter collectively "Defendants" unless a defendant is identified by full name), alleges and says:

***I. FACTUAL ALLEGATIONS***

1. Brown is a resident of the State of Georgia, and is domiciled in Augusta, Columbia County, Georgia.

2. Ranger Drilling, LLC is a company headquartered in Marion County, Indiana. Rangers Drilling is a construction company. Ranger Drilling, LLC describes its principal office address as 9801 Fall Creek, #333, Indianapolis, IN 46256.

3. Brown was hired to work as the Chief Operations Officer for Ranger Drilling, LLC after she responded directly to Defendants advertisement on Instagram. Brown began working for Ranger Drilling, LLC on November 29, 2021. Brown is currently still employed at Ranger Drilling.

4. Defendants promised to pay Brown at the rate of $187,500.00 salary per year for her work. Defendants did not, however, pay Brown any wages.

5. Defendant Roy McLaughlin is believed to be the primary shareholder of Ranger Drilling, LLC and Roy McLaughlin has executive control over Ranger Drilling, LLC. Roy McLaughlin is the person who hired Brown and Roy McLaughlin is the person who promised to pay Brown wages of $187,500.00 salary per year.

6. During her short period of employment, Brown worked for Defendants remotely. Upon employment, Brown immediately began working to improve the company, especially from the standpoint of operations. Brown conducted meetings with employees, with customers and vendors.

7. During her employment, Brown informed the CEO of her work and her need to receive payment.

8. During her employment, Brown kept her own, contemporaneous record of the days and hours she worked for Ranger Drilling. Between November 29, 2021 and December 27, 2021, Brown worked 200.0 hours for Ranger Drilling. Ranger Drilling has never paid Brown for any of the time she worked. Ranger Drilling still owes Brown wages and overtime compensation for 260.00 hours of work.

9. Brown has communicated with Defendants to obtain her wages. Her requests have not been granted and largely, Defendants has offered excuses to Brown. Primarily, Defendant has told Brown that she would be paid soon. This is not a legal or valid excuse to refuse timely payment of wages and overtime to an employee.

10. Defendants failed and refused to pay Brown her earned wages and overtime compensation in full and one time. Moreover, inasmuch as Defendants has paid Brown no

wages whatsoever for her work, Defendants has committed FLSA minimum wage violations.

11. Between unpaid wages and overtime compensation, Defendants underpaid Brown's wages and overtime compensation by at least $46,875.00. Brown also seeks statutory liquidated damages from Defendants under the Indiana Wage Payment Statute (see I.C. 22-2-5-2) and the Fair Labor Standards Act.

12. Defendant willfully, intentionally, knowingly and in bad faith violated Brown's rights under the Fair Labor Standards Act and the Indiana Wage Payment Statute. By way of this Complaint, Brown is seeking all available damages, including, but not limited to, all unpaid wages, all unpaid overtime compensation, all unpaid minimum wages, all liquidated and/or statutory damages, plus payment of his reasonable attorney's fees, costs and expenses.

## II. JURISDICTION AND VENUE

15. This Court has jurisdiction over the subject matter of this Complaint under 28 USC § 1331 and 29 USC § 201 et seq, as Brown raises a federal question of law. This Court has supplemental jurisdiction over Brown's claims raised under Indiana law which arise from a common core of facts.

16. Venue is proper in this Court pursuant to 28 USC § 1391 because the unlawful conduct alleged herein was committed in the Southern District of Indiana.

## III. PARTIES

17. Brown is domiciled in and a resident of Augusta, Columbia County, Georgia.

18. Ranger Drilling, LLC is headquartered in Marion County, Indiana.

19. Defendant Roy McLaughlin is domiciled in and a resident of Marion County, Indiana.

## IV. STATEMENT OF CLAIMS

### A. Claims Under the Fair Labor Standards Act

20. Brown incorporates herein by reference paragraphs 1 through 19 above.

21. Defendant Ranger Drilling, LLC is an "enterprise," as that term is defined by the FLSA, covered by the overtime and minimum wage provisions of the FLSA. Defendant Ranger Drilling, LLC is an "employer," as that term is defined by the FLSA. Defendant Ranger Drilling, LLC is a "joint employer" as that term is defined by the FLSA. Finally, Defendant Ranger Drilling, LLC is a "person" as that term is defined by the FLSA.

22. For purposes of liability under the FLSA, Defendant Roy McLaughlin is an "employer," as that term is defined by the FLSA. See 29 USC § 203(d). Additionally, Defendant Roy McLaughlin is a "joint employer" as that term is defined by the FLSA. Finally, Defendant Roy McLaughlin is a "person" as that term is defined by the FLSA.

23. The Defendants, individually and acting jointly, have violated Brown's rights to be properly paid minimum wages and overtime wages in a manner required by the FLSA. Specifically, Brown is a exempt employee and Ranger Drilling was required to pay Brown for each hour she worked.

24. Each of the Defendants' failure to comply with the FLSA's provisions regarding minimum wages and overtime compensation is willful and without justification.

25. Brown seeks all available damages, including unpaid wages, unpaid minimum wages, unpaid overtime compensation, liquidated damages, payment of reasonable attorney's fees, costs and expenses, and any and all other damages to which he may be entitled for the Defendants' violations of the Fair Labor Standards Act.

26. Defendants are jointly and severally liable to Brown, as they have jointly directed

and controlled Brown's employment, and they have acted in concert to violate Brown's rights to minimum wages and overtime wages under the FLSA.

### B. Claims Under the Indiana Wage Payment Statute

27. Brown incorporates herein by reference paragraphs 1 - 19 above.

28. Ranger Drilling, LLC's failure to pay Brown at all for her work is not in "good faith." Ranger Drilling, LLC's refusal and failure to pay wages to Brown is certainly bad faith activity. Brown is certainly entitled to payment of all of her earned hourly wages along with an amount equal to two (2) times the amount of those wages (statutory liquidated damages).

29. By way of this Complaint, Brown is seeking all available damages, including all unpaid wages, an additional amount equal to two (2) times her unpaid wages, plus any and all attorney's fees, costs, and expenses, and any other damage which he may be entitled pursuant to the damages provision of the Indiana Wage Payment Statute. See I.C. 22-2-5-2.

### C. Alternatively-Pled Claims for Unpaid Minimum Wages and Overtime Compensation Under the Indiana Minimum Wage Law of 1965

30. Brown incorporates herein by reference paragraphs 1 through 19 above.

31. While Brown certainly believes the FLSA applies to her minimum wage and overtime claims, from an abundance of caution, Brown pleads this claim under the Indiana Minimum Wage Law of 1965 in the alternative, in the event that Ranger Drilling, LLC does not meet the FLSA's definition of "enterprise." If Ranger Drilling, LLC is not covered in any way by the FLSA, then Ranger Drilling, LLC is definitely an "employer" as that term is defined by the Indiana Minimum Wage Law of 1965 at I.C. 22-2-2-3, with two or more employees at all times relevant to the events described in this complaint.

32. For purposes of liability under the Indiana Minimum Wage Law of 1965, Defendant Roy McLaughlin is an "individual" who is an "employer," as that term is defined by the Indiana Minimum Wage Law of 1965.

33. Ranger Drilling, LLC'S failure to comply with the Indiana Minimum Wage Law of 1965's provisions regarding minimum wages and overtime compensation was and is willful and without justification.

34. Brown seeks all available damages, including unpaid wages, unpaid minimum wages, unpaid overtime compensation, liquidated damages, payment of reasonable attorney's fees, costs and expenses, and any and all other damages to which he may be entitled for Stivers Consulting's violations of the Indiana Minimum Wage Law of 1965.

### V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Tania Brown respectfully requests that the Court enter judgment against both of the Defendants, holding the Defendants jointly and severally liable to her for violations of the FLSA, the Indiana Wage Payment Statute, and/or the Indiana Minimum Wage Law of 1965, and issue to her all available relief, including, but not limited to, the following:

1. All damages available under the FLSA, including all unpaid minimum wages, all unpaid overtime wages, all liquidated damages, and payment of all reasonable attorney's fees, costs and expenses;

2. All damages available under the Indiana Wage Payment Statute, including all unpaid wages, all statutory/liquidated damages for late paid wages, plus payment of all reasonable attorney's fees, costs and expenses;

3. All damages available under the Indiana Minimum Wage Law of 1965, including all unpaid minimum wages, all unpaid overtime wages, all liquidated damages, and payment of all reasonable attorney's fees, costs and expenses;

4. Costs;

5. Pre-judgment interest, if available; and

6. Any and all other relief just and proper in the premises.

Respectfully submitted,

AMBER K. BOYD ATTORNEY AT LAW

By /s/Amber K. Boyd
  Amber K. Boyd
  Attorney No. 31235-49
  8510 Evergreen Avenue
  Indianapolis, IN 46240
  (317) 210-3416
  amber@amberboydlaw.com